Joseph Life, J.
A father brings an action on behalf of his infant son to recover damages for personal injuries suffered by the child and for medical expenses, loss of services, etc. incurred by the father. The defendants are the mother, the owner of the vehicle, and its operator. Plaintiffs’ motion to dismiss two affirmative defenses is granted.
Paragraph “ fourth ” of the answer sets out as a complete affirmative defense subdivision 3 of section 167, of the Insurance Law which states that: “ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.”
This defense is dismissed. Clearly the provision has no application to the present action. There is no prohibition in the law against one spouse suing the other. In fact such causes of action are authorized by subdivision 2 of section 3-313, of the General Obligations Law. The present action is concerned with obtaining a judgment and not its collection. The insurer is not a party to this action and the policy of insurance is not before the court. The section of the Insurance Law set forth was to protect the carrier and not to prevent a judgment against a negligent spouse. Further, the infant could have commenced an action by a person other than his parent (CPLR 1201, 1202) and it is apparent that all the claims of damages are referable to injuries suffered by the infant and not by the spouse.
Paragraph “ fifth ” of the answer sets forth as a complete defense: “ That under the laws of the State of New York an unemancipated infant cannot recover in an action for personal *200 injuries against a negligent parent in the operation of an automobile unless he can prove that the parent’s negligence was gToss and wanton.” This defense must be dismissed. Clearly this is not the present law of the 'State of New York. Judge Burke, in overruling previous cases holding that actions were not maintainable between parent and child, in Gelbman v. Gelbman (23 N Y 2d 434) said (p. 436): ‘ ‘ "While those cases dealt with suits by minors against parents, the converse of the present situation, the underlying policy considerations which influenced those decisions — if presently viable — should be equally determinative of this appeal. ’ ’ And on page 439, where he indicates that the decision should be applied retrospectively to encompass all intrafamily tort immunity, he said: “ By abolishing the defense of intrafamily tort immunity for nonwillful torts, we are not creating liability where none previously existed. Rather, we are permitting recovery, previously denied, after the liability has been established.” Accordingly an order will be signed dismissing the affirmative defenses.